DHSLUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00281-SSS-SHKx | Date | February 28, 2023 |
|---|---|---|---|
| Title | *Korttney Elliott v. A.B.M. Properties, Inc.* | | |

Present: The Honorable  **SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE**

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE (IN CHAMBERS)**

The Complaint filed in this action asserts a claim for injunctive relief based on an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq, and related state claims.  The Court possesses only supplemental jurisdiction over the Unruh Act claim and related state claims.  *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and **at every stage of the litigation**, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Court therefore orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and related state claims.  *See* 28 U.S.C. § 1367(c).

Plaintiff shall identify the amount of statutory damages she seeks to recover. Plaintiff and plaintiff's counsel shall also support their responses to this Order with declarations, signed under penalty of perjury, providing all facts necessary for the

Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

**Plaintiff shall file a Response to this Order to Show Cause by no later than March 17, 2023**. The Court sets a hearing date regarding this Order to Show Cause on **March 24, 2023 at 1:00 PM** via zoom.[1] This matter and all current deadlines are **STAYED** pending resolution of this Order to Show Cause.

Plaintiff's failure to timely or adequately respond to this Order may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and related state claims and dismissing the claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED**.

---

[1] The Court refers the Parties to Judge Sykes' website for details regarding hearings via zoom: https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.